James S. Brown, J.
Third-party defendant, an insurance company impleaded herein by the defendant, moves to dismiss the third-party complaint under rule 113 of the Rules of Civil Practice, on the ground that the policy provisions include a waiver which bars a third-party action under section 193-a *796 of the Civil Practice Act, or in the alternative the third-party defendant seeks a severance of the trial from the main action.
The original action was brought to recover $100,000 in damages for personal injuries based upon the alleged negligence of an employee of the defendant, who was insured under an automobile liability policy issued by the third-party defendant. The third-party defendant disclaimed liability under the terms of the policy and refused to afford the defendant, protection or coverage thereunder. •
The claim that the terms of the insurance policy constituted'. a waiver and prohibited an assured from resorting to inter-pleader under section 193-a of the Civil Practice Act is untenable. (Adelman Mfg. Corp. v. New York Wood Finisher’s Supply Co., 277 App. Div. 1117, revg. 89 N. Y. S. 2d 805; Brooklyn Yarn Dye Co. v. Empire State Warehouses Corp., 276 App. Div. 611.) In the Adelman case (supra) the terms of the policy were identical to those in the instant action.
As to the third-party defendant’s application for a severance of trial, the recent decision of the Appellate Division, Second Department, in the case of Kelly v. Yannotti (4 A D 2d 767, motion for leave to appeal granted 4 A D 2d 879), must be regarded as decisive of the within application and the court must deny the severance. In the Kelly case the Appellate Division affirmed a decision of the Special Term which denied a severance in a situation very similar to that at bar and where the original complaint involved a property damage claim in the sum of $20,000 and the impleaded insurance company had denied liability under the policy. The Special Term held that despite a difference in issues existing as between the plaintiff and defendant and as between the third-party plaintiff and third-party defendant, ‘ ‘ the issue can easily be separated and a fair trial had under proper instructions by the trial court.”
Implicit in the Appellate Division affirmance is the finding that the insurance company, simply because it is an insurance: company, is not prejudiced by a joint trial held in conjunction with the original action.
Motion denied. Submit order.